# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CURTIS MARSHALL DIXON,<br><br>        Defendant. | CRIMINAL ACTION<br><br>No. 00-146-01 |

## **MEMORANDUM**

Defendant Curtis Marshall Dixon was convicted in December 2000 on two counts of possession of crack cocaine with the intent to distribute and one count of possession of a firearm by a convicted felon. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is now before this court.

The statute of limitations for filing motions pursuant to Section 2255 is one year. *See* 28 U.S.C. § 2255(f). The one-year period "runs from the latest of" four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

"[A] 'judgment of conviction becomes final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). In this case, defendant was initially sentenced by Judge Katz on March 22, 2001. After defendant appealed, however, the parties agreed to remand the case to Judge Katz for re-sentencing, which occurred on October 1, 2001. After Mr. Dixon filed another direct appeal, the Third Circuit affirmed the judgment of sentence on May 14, 2002. Defendant petitioned the Supreme Court for a writ of certiorari, and that petition was denied on October 21, 2002. *See Dixon v. United States*, No. 02-6549, 537 U.S. 989 (2002). Thus, the judgment of conviction became final for § 2255 purposes on October 21, 2002. Mr. Dixon filed his § 2255 petition nearly three and a half years later, on April 11, 2006. Accordingly, unless one of the events in 28 U.S.C. § 2255(f)(2)-(4) applies to start the limitations period at a later date, defendant's petition is untimely.

A review of Mr. Dixon's motion and memoranda of law reveals that none of the other events listed in § 2255(f) applies to his petition. Defendant has brought claims that (1) two warrants lacked probable cause, (2) Judge Katz improperly ruled on post-trial

motions filed by Mr. Dixon before he filed his § 2255 petition, and (3) his counsel was ineffective for failing to appeal a suppression issue. Mr. Dixon also argues that the government failed to turn over exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because it did not identify the partner of the officer who served as the affiant in support of one of the warrants defendant wishes to challenge. None of these arguments, however, (1) implicates a right newly recognized and made retroactive by the Supreme Court, (2) alleges that the government prevented defendant from filing a § 2255 petition, or (3) states that new facts had come to light. Nor does a review of Mr. Dixon's numerous other post-trial motions suggest that any of these events applies to delay the running of the statute of limitations. As a result, the one-year limitations period started on October 21, 2002. Defendant's § 2255 petition was therefore untimely filed, and, absent equitable tolling, the petition must be dismissed.

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" *McAleese v. Brennan*, 483 F.3d 206 (3d Cir. 2007) (quoting *Merrit v. Blaine*, 326 F.3d 158, 168 (3d Cir. 2003)). Thus, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstances stood in his way.'" *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling may be applied, for instance, "if '(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has

timely asserted his rights mistakenly in the wrong forum.'" *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008) (quoting *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006)). Equitable tolling may also be proper "when a claimant received inadequate notice of [his] right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that [he] had done everything required of [him]." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

One contention that defendant has made with regard to the merits of his petition suggests a possible ground for equitable tolling. Mr. Dixon contends that Judge Katz did not follow the procedure spelled out in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). In *Miller*, the Third Circuit held that "upon receipt of pro se pleadings challenging an inmate's conviction or incarceration – whether styled as a § 2255 motion or not – a district court should issue a notice to the petitioner regarding the effect of his pleadings." *Id.* at 652. This notice is to present the petitioner with a three-pronged choice: "he can (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion[,] have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period." *Id.* Because the district court in *Miller* had not followed this procedure, the court of appeals tolled the statute of limitations so that the petitioner could refile his petition. *See id.* at 652-53.

4

Defendant is correct that Judge Katz did not follow the *Miller* procedure in this case. That fact does not entitle Mr. Dixon to equitable tolling, however, because his first motion challenging his conviction and sentence does not appear on the docket until December 24, 2003 – over two months after the § 2255 limitations period expired.[1] The Third Circuit has held that, when a motion potentially triggering *Miller* notice is filed at a time when a § 2255 motion would already have been untimely, "providing *Miller* notice would . . . have been an exercise in futility" and therefore not providing *Miller* notice is "not err[or]." *United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002) (internal quotation marks omitted). In short, "*Miller* does not operate to save untimely petitions," *Galiczynski v. United States*, Nos. 98-cr-263, 05-cv-4718, 2007 WL 756726, at *2 (E.D. Pa. Mar. 9, 2007), and defendant is accordingly not entitled to equitable tolling on the

---

[1] Prisoners are deemed to have filed documents "at the moment of delivery to prison authorities for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998). Mr. Dixon's first post-trial motion – captioned a Motion to Quash Warrant – was not dated when signed. The only dates that appear on the document reflect that the Clerk's office both received and filed the motion on December 24, 2003. Consequently, the date on which defendant delivered the motion to prison authorities is unknown, and, generally speaking, the burden is on the prison, not the prisoner, to prove the date at which delivery occurred. *See United States v. Grana*, 864 F.2d 312, 316 (3d Cir. 1989). The burden of showing that equitable tolling applies, however, rests with Mr. Dixon, *see Urcinoli*, 546 F.3d at 273, and, even liberally construed, defendant's motion and supporting memoranda do not so much as assert that he filed any post-trial motion before the § 2255 limitations period expired on October 21, 2003. Given (1) defendant's failure to date his motion, (2) the interval of over two months between the expiration of the limitations period and the docketing of the Motion to Quash Warrant, and (3) the lack of any contention by defendant that the Motion to Quash Warrant was filed before October 21, 2003, I cannot conclude that Mr. Dixon is entitled to equitable tolling.

5

ground that he did not receive *Miller* notice. Defendant's motion and memoranda of law reveal no other extraordinary circumstances that could justify equitable tolling. Nor do his other post-trial motions. Accordingly, defendant's § 2255 motion will be dismissed as untimely.[2]

An appropriate order follows.

---

[2] Defendant's submissions also include language suggestive of an actual innocence claim. Assuming *arguendo* that a valid actual innocence claim could excuse the tardiness of defendant's petition, any such claim would nevertheless fall at the first hurdle, because Mr. Dixon has not provided the "'new reliable evidence . . . that was not presented at trial'" that is necessary to show actual innocence. *Wright v. Vaughn*, 473 F.3d 85, 92 (3d Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).